1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD PHILLIPS, in his capacity as the administrator of the ESTATE OF TROY PHILLIPS,; TIFFANY PHILLIPS,**<br><br>        **Plaintiffs,**<br><br>        **vs.**<br><br>**COUNTY OF FRESNO; MARGARET MIMS; CORRECTIONAL OFFICER L. HER # 9899; CORRECTIONAL OFFICER CASTRO; JOHN DOE AND RICHARD ROE, individually and in their official capacities as correctional and classification officers of the Fresno County Sheriff's Department; EDWARD MORENO, M.D.; GEORGE LAIRD; PRATAP NARAYAN; NANCY POE and CARL COE, individually and in their official capacities as health care workers in the Fresno County jail system; and DOES 1-50,**<br><br>        **Defendants.** | **1:13-cv-0538  AWI BAM**<br><br><br>**MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br><br>**Doc. # 41** |

      This is an action for damages by plaintiffs Tiffany Phillips and Richard Phillips in his capacity as administrator of the Estate of Troy Phillips ("Plaintiffs") against  defendants County of Fresno ("County"), various officials and officers of the Fresno County Sheriff's Department and various healthcare workers employed by the Fresno County (collectively, "Defendants"). This action arises out of the death of Troy Phillips ("Decedent") as a result of injuries he sustained at the hands of a cell-mate while in the custody of the Fresno County Sheriff's Department as a pre-trial detainee.  Currently before the court is Defendants' motion to dismiss

portions of Plaintiffs' First Amended Complaint ("FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331.  Venue is proper in this court.

**PROCEDURAL HISTORY – ORDER ON DEFENDANTS' PRIOR MOTION**

The original complaint in this action was filed on April 15, 2013.  On December 3, 2013, the court issued a memorandum opinion and order granting in part and denying in part Defendants' motion to dismiss Plaintiffs' complaint ("hereinafter, the "December 3 Order").  Doc. # 34.  Plaintiffs' original complaint alleged ten claims for relief.  With respect to those claims, the court's December 3 Order:

1.  Deemed the first claim for relief to allege violation of rights of decedent Troy Phillips ("Decedent") under the Fourteenth Amendment only (thereby ruling that claims under the Fourth, Fifth and Ninth Amendments were not alleged in Plaintiffs' original complaint).  So construed, the motion to dismiss Plaintiffs' first claim for relief was denied;

2.  Denied Defendants' motions to dismiss Plaintiffs' second and third claims for relief for supervisor and entity liability pursuant to 42 U.S.C. § 1983 for Decedent's constitutional harms;

3.  Granted Defendants' motion to dismiss Plaintiffs' fourth claim for relief for violation of the Americans with Disabilities Act ("ADA");

4.  Denied Defendants' motion to dismiss Plaintiffs' claims for wrongful death under California common law; and

5.  Granted Defendants motions to dismiss Plaintiffs' state law claims for survivorship, professional negligence, negligence, violation of California Civil Code § 52.1 and violation of California Government code  § 815.6 in claims six, seven, eight, nine and ten, respectively.

Leave to amend was granted with respect to all dismissed claims.

Plaintiffs' FAC was filed on December 31, 2013.  Plaintiffs' FAC alleges seven claims for relief.  The first three of those claims are alleged pursuant to 42 U.S.C. § 1983, and are identical to the correspondingly numbered claims in Plaintiffs' original complaint.  Plaintiffs'

claim for violation of the ADA is deleted from the FAC and the California common law claim for wrongful death against all Defendants takes its place as Plaintiffs' fourth claim for relief. Plaintiffs' first four claims for relief are not the subject of Defendants' motion to dismiss except to the extent Defendants contend that the claims against the individual Defendants in their official capacities under section 1983 are duplicative of the claims against County of Fresno under section 1983.  Defendants also do not dispute that Plaintiffs  have adequately stated a claim for wrongful death, but concede the claim is sufficiently stated only to the extent that Defendants' liability for Decedent's death is pursuant to California Code of Civil Procedure § 845.6, which is the basis of Plaintiffs' seventh claim for relief for violation of a mandatory duty.

　　　　The bulk of Defendants' motion to dismiss is aimed at Plaintiffs' fifth and sixth claims for relief which allege professional negligence and negligence, respectively, against both the County and certain individual Defendants.  The court notes that Plaintiffs, in their opposition to Defendants' motion to Dismiss, concede the dismissal of their claim for plain negligence "based on the available relief [. . .], without conceding Defendants' points regarding immunity."  Doc. # 44 at 3:9-10.  Thus, the court will focus primarily on Plaintiffs' claim for professional negligence.

### FACTUAL ALLEGATIONS

　　　　Overall, the background facts alleged in Plaintiffs' FAC are the same as those previously set forth in the court's December 3 Order.  In re-alleging the claims for professional negligence and plain negligence, Plaintiffs have added a good deal of detail to the factual allegations previously alleged in the original complaint and has referenced those allegations more specifically in their amended claims.  Plaintiffs' fifth claim for relief for professional negligence is alleged against individual Defendants Moreno (Director of Fresno County Department of Public Health ("FCDPH")), Laird (Division Manager of the Correctional Health Division of the FCDPH), Narayan (Medical Director of the FCDPH), "Some Jail Healthcare Providers," who are currently listed as "Nancy Poe  and Carl Coe," and the County.  Plaintiffs allege that the supervisory and/or administrative Defendants, Moreno, Laird and Narayan, as well as "Some

Healthcare Providers, had responsibility for housing decisions of mentally ill inmates and had authority to assign mentally ill inmates to single-occupancy cells.  Plaintiffs allege that "various Jail Healthcare Providers" visited Cuevas and Decedent in their cells and provided mental health services to them.  Plaintiffs allege that managerial and administrative Defendants, Moreno, Laird and Narayan "actually did evaluate Mr. Cuevas and [Decedent] for mental health conditions, propensity for violence and special housing needs."  Doc. # 39 at 28:12-13.  Plaintiffs also allege that the Defendants "had a policy to withhold treatment through therapy or drugs of serious mental health issues [sic], and failed to provide mental health treatment for the severe schizophrenia and other issues that Mr. Cuevas suffered from, leading directly to Mr. Cuevas' attack on [Decedent]."  Doc. # 39 at 28:21 to 29:3.  Plaintiffs allege that the Jail Healthcare Providers are responsible for the alleged delay in Decedent's treatment following Cuevas' attack.

As noted previously, Defendants do not oppose Plaintiffs' seventh claim for relief for breach of mandatory duty on the understanding that the court has previously determined that Plaintiffs adequately pled a claim for violation of the statutory requirement set forth in California Government Code section 845.6 for provision of emergency medical care to prisoners and on the understanding that the alleged violation of section 845.6 describes Defendants' liability for Plaintiffs' wrongful death claim.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly").  While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual

disputes in the pleader's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature.  See <u>Twombly</u>, 550 U.S. at 555 ("a Plaintiffs' obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) ("<u>Iqbal</u>").

The Ninth Circuit follows the methodological approach set forth in <u>Iqbal</u> for the assessment of a Plaintiffs' complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

<u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 970 (9th Cir. 2009) (quoting <u>Iqbal</u>, 129 S.Ct. at 1950).

## DISCUSSION

### A.  Plaintiff's Claims Pursuant to 42 U.S.C. § 1983 are Construed to be Against the Individual Defendants in their Individual Capacities

Defendants point out that an action pursuant to 42 U.S.C. § 1983 against an individual defendant in his or her *official* capacity is the same as, and therefore duplicative of, a suit against the entity that employs the individual.  While Plaintiffs acknowledge the distinction between Defendants in their official and individual capacities for purposes of an action pursuant to section 1983, Plaintiffs argue that where, as here, the defendants are named in both their official and individual capacities, a Plaintiffs' claim against a defendant need not be dismissed as duplicative of the suit against the entity.  Since Plaintiffs' 1983 claims do not specify whether the claim is against the individual Defendants in their official or individual capacities, there is no

actual dispute, and the issue is not one of dismissal, it is an issue of construal of Plaintiffs'

section 1983 claims.  See Ashker v. California Dep't of Corrections, 112 F.3d 392, 395(9th Cir.

1997) (construing claims alleged against defendants in both their individual and official

capacities as alleged in their individual capacities for purposes of claims pursuant to section

1983).  The court construes Plaintiffs' claims pursuant to 42 U.S.C. § 1983 to be alleged against

the individual Defendants in their individual capacities.

### B.  Statutory and Eleventh Amendment Immunity

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall

not be construed to extend to any suit in law or equity, commenced or prosecuted against one of

the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

U.S. Const. amend. XI.  Immunity from suit under the Eleventh Amendment further extends to

suits by citizens against their own state.  Holz v. Nenana City Pub. Sch. Dist., 347 F.3d 1176,

1180 (9th Cir.2003).  To overcome the Eleventh Amendment bar, either the State must have

consented to waive its sovereign immunity or Congress must have abrogated it; moreover, the

State's consent or Congress' intent must be "unequivocally expressed."  See Pennhurst State Sch.

& Hosp. v. Halderman, 465 U.S. 89, 99–100 (1984).  While California has waived its sovereign

immunity so that it may be sued in its own courts under the California Tort Claims Act, such a

waiver does not constitute a waiver of its Eleventh Amendment immunity in the federal courts.

See BV Eng'g v. Univ. of Cal., L.A., 858 F.2d 1394, 1396 (9th Cir.1988); see also Atascadero

State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985) (holding that Art. III, § 5 of the California

Constitution did not constitute a waiver of California's Eleventh Amendment immunity).  Since

there is no general waiver of Eleventh Amendment immunity in federal court, "federal courts

cannot assume that a state has waived its sovereign immunity unless the state has explicitly done

so."  Hernandez v. McClanahan, 996 F.Supp. 975, 978 (N.D. Cal. 1998).

Plaintiffs correctly note that California Government Code § 844.6 expressly does not waive sovereign immunity in actions related to prisoner injuries *except* as provided in, *inter alia*, Government Code 845.6, which provides that an entity or employee acting in an official capacity "is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Id. Thus, Plaintiffs are correct to the extent they contend that County of Fresno may be sued under section 845.6 for the failure to provide emergency medical care when Decedent was attacked by Cuevas. Where Plaintiffs' contentions fail is with regard to County's liability for the assignment of Decedent to be housed with Cuevas. Plaintiffs contend that Decedent's injuries resulting from the failure to provide immediate medical care to *Cuevas* are actionable under section 845.6 because the language of section 845.6 does not limit recovery for injuries only to those who were denied access to immediate medical care.

Plaintiffs' provide no authority for their contention, a contention that seems to strain the common-sense reading of section 845.6. However, the court need not engage the question of whether California legislature intended section 845.6 to provide relief for third party victims of the non-provision of emergency medical care needed by someone else. While section 845.6 mandate that a prisoner be provided immediate medical care "if the employee knows or has reason to know that the prisoner is in need of immediate medical care," the same provision[1] specifically exempts, and therefor immunizes against, liability arising from the failure to correctly diagnose or provide *mental* health treatment as provided by subsections 855.8 and 856.

---

[1]   California Government Code section 845.6 provides, in pertinent part:

"Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical for a prisoner in his custody; but, *except as otherwise provided by Sections 855.8 and 856*, a public employee and the public entity where the employee is acting within the scope of employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Id. (italics added.)

Government Code section 855.8 provides, in pertinent part, "(a)  Neither a public entity nor a public employee acting within the scope of his employment is liable for injury resulting from diagnosing or failing to diagnose that a person is afflicted with a mental illness of addiction or from failing to prescribe for mental illness or addiction."  In a similar vein, Government Code section 856 provides, in pertinent part:

> (a)  Neither a public entity nor a public employee acting within the scope of his employment is liable for any injury resulting from determining in accordance with any applicable enactment:
>
>> (1)  Whether to confine a person for mental illness or addiction.
>>
>> (2)  The terms and conditions of confinement for mental illness or addiction.
>
> [¶]
>
> (c)  Nothing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission in carrying out or failing to carry out:
>
>> (1)  A determination to confine or not to confine a person for mental illness or addiction.
>>
>> (2)  The terms or conditions of confinement of a person for mental illness or addiction.

In sum, sections 855.8 and 856 immunize both the entity and its employees for failure to diagnose or prescribe treatment for mental illness and to confine or not confine for mental illness.  See Johnson v. County of Los Angeles, 143 Cal.App.3d 298, 317 (2nd Dist. 1983). Correspondingly, these two sections do not shield from liability the negligent or wrongful treatment or confinement *after* a determination of mental illness has been made and treatment has been prescribed and/or conditions of confinement have been determined by appropriate authority.  Id.  The line that divides what is shielded from liability and what is not is the final determination of mental illness, prescription for treatment, or proper condition of confinement made by a person with final authority to make such determination (usually a psychiatrist).  See

<u>Tarasoff v. Regents of the University of California</u>, 17 Cal.3d 425, 448 (1976) (immunity under section 856 extends not only to the final decision "but *to all determinations involved in the process of commitment*" (italics in original)).  Finally, it bears noting that the provisions of section 855.8 and 856, while set forth in a portion of the California Government code that regulates state mental health facilities, apply equally to the context of confinement in a jail facility.  <u>See</u>, <u>e.g.</u>, <u>Johnson</u>, 143 Cal.App.3d at 314 (decision to commit for mental illness is immunized but failure to properly carry out commitment is not).

Plaintiffs' claim for professional negligence fails to make a clear-cut allegation that a person of authority examined Cuevas and made a determination that Cuevas was to be housed separately and the determination was not acted upon or that a prescription for therapy was ordered and the order was either not acted upon or performed negligently.  Rather, what the FAC suggests is that various persons were familiar with Cuevas' behavior and no order of segregation was made or no therapy was ordered.  As noted above, decisions to impose a particular condition of confinement or to order or not order a particular therapeutic regimen is expressly immunized from liability under state law.  The only actionable conduct occurred, if at all, when a person of authority determined that Cuevas was to be housed alone and that did not happen or when therapy was ordered for Cuevas and that did not happen or was wrongly carried out.

The court notes that, at paragraph 93 of the FAC, Plaintiffs allege "[o]n information and belief, MORENO, LAIRD, NARAYAN, some JAIL HEALTHCARE PROVIDERS and COUNTY had a policy to *withhold treatment* through therapy or drugs of serious mental health issues, and failed to provide mental health treatment for the severe schizophrenia and other issues that Mr. Cuevas suffered from, leading directly to Mr. Cuevas' violent attack on [Decedent]."  Doc. # 39 at 28:20-29:3 (emphasis added).  But, as noted, Plaintiffs' allegation is ambiguous because it does not make explicit that the alleged policy specifically mandates the

withholding of prescribed medications or other therapeutic modalities when ordered by competent authority.  It is also incomplete because there is no allegation that, because of such policy, Cuevas was co-housed with Decedent in contravention of an order from an authoritative person or that ordered therapy was withheld.

In sum, both the entity and individual Defendants are immune to state claims with regard to any failure to adequately diagnose Cuevas' mental condition or to make the determination that segregated housing was necessary because of his mental condition.  The individual Defendants can only be held liable for the failure to carry out therapeutic orders or orders on the conditions of Cuevas' confinement after the orders were made by a person competent to do so.  In essence, sections 855.8 and 856 immunize the discretionary determinations of mental health professionals and provide liability only for harms that arise from the failure to properly carry out the mandatory duties that may arise once the mental health professional has made a final determination regarding therapy or conditions of confinement.  Because there is no allegation that any individual Defendant failed to carry out a term or condition of Cuevas's confinement or failed to deliver therapeutic intervention that was ordered by a competent authority, Plaintiffs' claim for professional negligence fails to state a claim for relief.

Should it occur that discovery uncovers facts indicating that a competent authority either ordered Cuevas housed alone or ordered a therapeutic intervention that was not delivered, the court agrees with Defendants insofar as it finds that such facts would not be separately actionable as a species of negligence.  Rather, such a set of facts may create a mandatory duty.  See Johnson, 143 Cal.App.3d 298 at 317 (section 845.6 creates liability under certain circumstances, which does not otherwise exist under common law").  Should it be shown that there was an order for isolation of Cuevas, the decision to house him with another prisoner is no longer discretionary and the individual Defendants would be prevented from relying on

Government Code § 820.2 to immunize them from immunity from liability arising from discretionary acts.  Thus, Plaintiff's ability to demonstrate the existence of orders to house Cuevas separately from other prisoners would serve to bolster Plaintiffs' wrongful death claim on a theory of failure to carry out a housing order, but it would not create a separate claim for negligence.

The court concludes that Plaintiffs' claim for professional negligence fails to allege facts that would support a claim for relief that is separate or different from Plaintiffs' claims for wrongful death or breach of a mandatory duty.  For that reason, Plaintiffs' claim for professional negligence will be dismissed as to all Defendants.

THEREFORE, for the reasons discussed above, it is hereby ORDERED that:

1.   Defendants' claims for relief pursuant to 42 U.S.C. § 1983 that are alleged against the individual defendants are construed to be against the individual Defendants in their individual capacities.

2.   Plaintiffs' claim for Negligence under California Common Law is Deemed Abandoned and is therefore DISMISSED with prejudice.

3.   Defendants motion to dismiss Plaintiffs' claim for Professional Negligence is hereby GRANTED as to all Defendants.  Plaintiffs' claim for professional negligence is hereby DISMISSED with prejudice.

IT IS SO ORDERED.

Dated:   May 13, 2014                    _____

                                                    SENIOR  DISTRICT  JUDGE