Anthony Boskovich, No. 121198
Law Offices of Anthony Boskovich
28 N. First Street, Suite 600
San Jose, California 95113
408-286-5150

Peter C. Grenier (*pro hac vice*)
Grenier Law Group PLLC
1400 L St. NW, Suite 420
Washington, DC 20005-35509
Tel: 202-768-9600

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| **RICHARD PHILLIPS, in his capacity as administrator of the ESTATE OF TROY PHILLIPS; TIFFANY PHILLIPS,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**COUNTY OF FRESNO, *et al.***<br><br>**Defendants.** | **Case No. 1:13-cv-00538-AWI-BAM**<br><br>**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SUBSTITUTE CLASSIFICATION OFFICER CINTHYA DIAZ AS DOE DEFENDANT**<br><br>Date: March 30, 2015<br>Time: 1:30 p.m.<br>Ctrm.: 2<br>The Honorable Anthony W. Ishii |

## A. INTRODUTION AND PROCEDURAL HISTORY

This case arises out of the wrongful death of pre-trial detainee Troy Phillips at the Fresno County Jail. Upon filing the most recent Complaint, Plaintiffs were aware of the identities of some, but not all, of the officer Defendants involved in the events leading up to Mr. Phillips' death. *See* First Amended Complaint for Violation of Civil Rights, Dkt. 39 ("Complaint"). Because Plaintiffs knew that other officers were likely involved, however, but that the identities

of these officers would remain unknown until discovery had taken place, Plaintiffs named these unknown officers as "John Doe and Richard Doe" in the Complaint, so that their names could be substituted as they became available through discovery. *See* Complaint, ¶¶ 14-15.

The most recent Complaint was filed on December 31, 2013. Defendants' rolling document production did not begin until December 11, 2014. At that point, for the first time, Defendants produced documents identifying Classification Officer Cinthya Diaz and demonstrating her involvement in the care of Troy Phillips at the Fresno County Jail. On January 15th, January 16th, and February 9, 2015, Counsel for Plaintiffs requested that opposing counsel to stipulate to the substitution of Classification Officer Cinthya Diaz as Defendant in place of John and Richard Doe. Defense counsel would not so agree.

This motion followed.

**B. STANDARD OF DECISION**

Granting a motion to amend the pleading is within the sound discretion of the trial court. *Swanson v. United States Forest Service,* 87 F.3d 339, 343 (9th Cir. 1996). Fed. R. Civ. P. 15 (a) provides that "leave [to amend the pleadings] shall be freely given when justice requires." Absent a showing by the opposing party of undue prejudice, bad faith, or dilatory motive on the part of the moving party, federal public policy insists that leave to amend be freely given and the matter determined on the merits. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Therefore, even though "leave to amend should not be granted automatically", the circumstances under which Rule 15(a) "permits denial of leave to amend are limited." *Ynclan v. Dep't of Air Force,* 943 F.2d 1388, 1391 (5th Cir. 1991). The moving party need only show why amendment is required; the burden is on the opposing party to convince the Court that justice requires denial. *Shipner v. Eastern Airlines, Inc.* 868 F.2d 401, 406-07 (5th Cir. 1989).

Finally, any showing of prejudice by defendants must be substantial. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (9th Cir. 1990).

**C. ARGUMENT**

As the Declaration of Anthony Boskovich (attached in support of this motion) explains, it was only after Defendants started producing documents on December 11, 2014 that Classification Officer Cinthya Diaz's name and role in Troy Phillip's death was revealed to Plaintiffs. Materials produced at that time demonstrated that Troy Phillip's housing classification had been changed multiple times in the weeks prior to his death. Defendants' production has been ongoing and updates continue to be made on a rolling basis.

After arriving at the Fresno County Jail, Troy Phillips was involved in a series of altercations with other inmates. After he was involved in such an altercation with another inmate on January 22, 2012, Classification Officer Torres re-classified Troy Phillips' housing from Open MSEG to ISOL MJ03FF4 writing "Subject no longer warrant open MSEG housing. Better suited in ISOL housing. Subject has been involved in several fights in the last month." (FSO-00106). The very next day, Officer Cinthya Diaz reversed this decision when she reassessed Troy Phillips' housing classification from ISOL to MSEG (20) writing "RE-OC 430-2221 MMAX/MSEG (20); SUBJ NO LONGER WARRANTS ISOLATION HOUSING; SUBJ NOW WARRANTS MSEG LOCKDOWN HOUSING DUE TO HAVING A COMPATIBLE CELLMATE; C DIAZ (FSO- 00097-00099)." Officer Diaz was thus responsible for the re-classification of Troy Phillips from isolation housing to medical segregation lockdown housing, due to "having a compatible cellmate." Just a few days later, Troy's cellmate, Inmate Jose Cuevas, stabbed Troy Phillips in the face and neck, causing his death.

Amendment here is clearly warranted to substitute a new party in place of the Doe Defendant. Plaintiffs only recently learned of Officer Diaz's involvement in this case, and she clearly is a proper party.

Although the use of fictitiously named defendants is disfavored in the Ninth Circuit, in cases like this one the practice is allowed and the plaintiff is entitled to learn the identities of defendants through discovery.

> As a general rule, the use of "John Doe" to identify a defendant is not favored. However, situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint. In such

> circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.

*Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980); accord, *Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999).

Here, it is important to note that Officer Diaz's involvement in the case was never disclosed through Defendants' Rule 26 disclosures filed on November 15, 2013, even though the rule requires it. *See, e.g. Fausto v. Credigy Servs. Corp.,* 251 F.R.D. 427, 429 (N.D. Cal. 2012). Thus, the only time Officer Diaz could be added was after discovery was propounded and Plaintiff became aware of Officer Diaz's involvement.

Additionally, the substitution of Officer Diaz relates back to the date of the original filing because California law clearly permits it. *See* F.R.C.P. 15(c)(1)[1]; Cal. Code Civ. Proc. § 474. Under California law, if the Complaint names "Doe" defendants whose true names or involvement was genuinely unknown to plaintiff and the amended complaint is based upon the same general facts and circumstances as the original complaint, the amended complaint identifying the new defendant relates back to the date of filing the original complaint. Cal. Code Civ. Proc. § 474; *Austin v. Mass. Bonding & Ins. Co.*, 56 Cal.2d 596, 600-1 (Cal. 1961). Here, the original complaint clearly named "Doe" defendants whose names were unknown to Plaintiffs, and the substitution relates back to the original date of filing.

**D. CONCLUSION**

For the foregoing reasons, the motion should be granted allowing substitution of Classification Officer Cinthya Diaz as a defendant.

---

[1] The more liberal provisions of F.R.C.P. Rule 15(c) apply as opposed to F.R.C.P. Rule 15(c)(3) because courts look to state law to determine the applicable limitations period in actions arising under 42 U.S.C. Section 1983 actions. *Motley v. Parks*, 198 F.R.D. 532 (C.D. Cal. 2000); *Wilson v. City of Atlantic City*, 147 F.R.D. 605-06 (D.N.J. 1992).

Dated: March 2, 2015

Respectfully submitted,

/s/ Anthony Boskovich

Anthony Boskovich
Peter C. Grenier (*pro hac vice*)
Attorneys for Plaintiffs