# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PHILLIPS, in his capacity as the administrator of the ESTATE OF TROY PHILLIPS; TIFFANY PHILLIPS,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF FRESNO; MARGARET MIMS; CORRECTIONAL OFFICER L. HERR #9899, CORRECTIONAL OFFICER CASTRO; JOHN DOE AND RICHARD DOE, individually and in their official capacities as correctional and classification officers of the Fresno County Sheriff's Department; EDWARD MORENO, M.D.; GEORGE LAIRD; PRATAP NARAYAN; NANCY POE and CARL COE, individually and in their official capacities as health care workers in the Fresno County jail system, and DOES 1-50,<br><br>Defendants. | Case No.: 1:13-cv-538-AWI-BAM<br><br>**ORDER GRANTING MOTION TO AMEND COMPLAINT TO SUBSTITUTE DOE DEFENDANT**<br><br>(Doc. 73) |

Presently before the Court is Plaintiffs' Motion to Substitute the true name of Defendant John and Richard Doe as Classification Officer Cinthya Diaz. (Doc. 73). Defendants did not agree to resolve the matter using the Court's informal dispute resolution process and filed a written opposition

1

to the Motion on March 5, 2015. (Doc. 77). The Motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 82). The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for March 27, 2015. (Doc. 83). Having considered the moving papers, as well as the Court's file, the motion is GRANTED.

## BACKGROUND

On April 15, 2013, Plaintiffs filed this civil rights action pursuant to Title 42 of the United States Code section 1983, alleging failure to provide adequate protection and medical care to the decedent, Troy Phillips. *See* Pl's Complaint, Doc. 1. The Complaint names various Defendants including "John Doe and Richard Doe, individually and in their capacities as correctional officers and classification officers for the Fresno County Sheriff's Department, the identities and exact numbers of whom are unknown to Plaintiffs at this time." *Id.* On March 2, 2015, Plaintiffs filed a motion to substitute Defendant John and Richard Doe as Classification Officer Cinthya Diaz. (Doc. 73). In the motion, Plaintiffs allege that recently discovered evidence revealed that Officer Diaz was involved with the care of Troy Phillips shortly before his death at the Fresno County Jail. (Doc. 73). On March 5, 2015, Defendants opposed the motion. Defendants argue that Officer Diaz had little involvement with the death of Troy Phillips, and as a result, Diaz will face substantial prejudice by being named as a Defendant in this action.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that a court "should freely give leave [to amend] when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). To evaluate a motion to amend

the complaint under Rule 15, the Court should consider factors including: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).

As a basis for amendment, Plaintiffs allege that they were aware of the identities of some, but not all, of the officer Defendants involved in the events leading up to Troy Phillips' death. *See* First Amended Complaint, Doc. 39. Plaintiffs knew that other officers were likely involved, but that the identities of these officers would remain unknown until discovery had taken place, and therefore Plaintiffs named these unknown officers as "John Doe and Richard Doe" in the Complaint. Plaintiffs intended to substitute the names as they became available through discovery. When Defendants rolling document production began on December 11, 2014, Plaintiffs received, for the first time, documents identifying Cinthya Diaz as a classification officer involved in the care of Troy Phillips at the Fresno County Jail. Plaintiffs claim that after reviewing documents produced through discovery, they "became aware that Classification Officer Cynthia (sic) Diaz was responsible for removing Troy Phillips from segregated housing, one day after he was placed in segregated housing, and just days before his death." (Doc. 73). As early as January 15, 2015, Counsel for Plaintiffs requested that opposing counsel stipulate to the substitution of Officer Diaz as a Defendant in place of John and Richard Doe. Defense counsel would not agree to do so. (Doc. 73).

In opposing Plaintiffs' Motion, Defendants do not dispute Plaintiffs' ignorance of Classification Officer Diaz's involvement at the time the Complaint was filed. Instead, Defendants argue that the Court should deny the amendment because "Plaintiffs fail to allege sufficient facts to constitute a valid cause of action against Officer Diaz." (Doc. 77 at 1-2). Further, naming Officer Diaz will cause her substantial prejudice in having to defend against this suit.

The Court has examined all of the factors listed above. There is no evidence that the amendment was unduly delayed, that the substitution was brought in bad faith, or that there will be any unusual prejudice to Officer Diaz in having to defend against this action. As conceded by Defendants, the record does not support a conclusion that Plaintiffs were dilatory in seeking substitution after discovering Officer Diaz's identity. Indeed, any delay, if at all, does not lie with Plaintiffs. Defendants did not identify Officer Diaz in its initial disclosures. Defendants then did not

stipulate to the substitution of Officer Diaz and instead opposed the substitution arguing that the amendment is futile. However, the amendment is not futile. While Defendants challenge Plaintiffs' factual basis for naming Officer Diaz as a potentially responsible party, the Court should determine factual sufficiency under these circumstances on a motion to dismiss rather than a motion to substitute a doe defendant. Accordingly, the Court will grant Plaintiffs request for substitution.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion to Substitute Classification Officer Cinthya Diaz for "John and Richard Doe" is GRANTED;
2. Plaintiffs shall file a Second Amended Complaint, consistent with this order, within seven days of service of this Order;
3. Plaintiffs' shall serve Classification Officer Cinthya Diaz with the Second Amended Complaint no later than May 14, 2015.

IT IS SO ORDERED.

Dated: **April 14, 2015**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE

4